COUNTY OF MONMOUTH, PLAINTIFF-RESPONDENT, v. ROBERT J. WISSELL AND BARBARA J. WISSELL, HIS WIFE, AND EDGAR ROGERS, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued September 24, 1974—Decided October 8, 1974.

Before Judges LYNCH, ALLCORN and MILMED.

*Mr. Richard J. Doyle* argued the cause for appellants (*Messrs. Carton, Nary, Witt & Arvanitis,* attorneys).

*Mr. Robert E. McLeod* argued the cause for respondent (*Messrs. Pillsbury, Russell and Ashbey,* attorneys).

The opinion of the court was delivered by

MILMED, J. S. C., Temporarily Assigned. Plaintiff County of Monmouth instituted this condemnation action for the acquisition of property owned by defendants Robert J. Wissell and Barbara J. Wissell, his wife, as part of "the Acquisition Program of Shark River Park," in the Township of Neptune, the park being a facility of the Monmouth County Park System. Commissioners were appointed to fix the compensation to be paid for the taking. However, instead of awaiting the report of the commissioners[1] and payment of such award as they may fix (*N. J. S. A.* 20:3–21(b)), plaintiff, with a view to early vesting in it of title to the property (*N. J. S. A.* 20:3–18, 20:3–19 and 20:3–21 (a)), filed a

---

[1] We are informed by counsel that no meeting of the commissioners has been held.

declaration of taking and deposited with the clerk of the court $53,000 as estimated just compensation. Defendants' motion to strike the declaration and restrain plaintiff from exercising any rights of possession as to the property was denied. Leave to appeal from that denial was granted.

 Plaintiff's declaration of taking can be permitted to stand only if plaintiff has been empowered by law to file it. We find no grant of such authority. The action was instituted under the Eminent Domain Act of 1971 (*L. 1971, c.* 361, *N. J. S. A.* 20:3–1 *et seq.*). Section 17 of that statute (*N. J. S. A.* 20:3–17) provides in pertinent part, in regard to a public entity condemnor, that

> At any time contemporaneous with or after the institution of an action and service of process, the condemnor may file in the action, *when empowered to do so by law*, and if so filed, shall also file in the recording office, a declaration of taking, duly executed by an executive official of the condemnor, in form and content specified by the rules, including the following:
>
> * * * * * * * *
>
> (b) a specific reference to the statute, article and section thereof, under which the action and declaration of taking is authorized;
>
> * * * * * * * *
>
> [Emphasis added]

Plaintiff suggests that its authority to take early possession of the property by the filing of a declaration of taking and deposit of the estimated compensation stems from (1) the general power of condemnation contained in the Local Lands and Buildings Law, *L.* 1971, *c.* 199, *N. J. S. A.* 40A:12–1 *et seq.;* (2) the authorization set forth in *N. J. S. A.* 13:8A–26, part of the New Jersey Green Acres Land Acquisition Act of 1971, *L.* 1971, *c.* 419, *N. J. S. A.* 13:8A–19 *et seq.,* and (3) the "specific" authorization for it to cause lands, for whose purchase no agreement can be made, "to be condemned and taken" on behalf of the county for recreational purposes, found in *N. J. S. A.* 40:12–4. However, nowhere in any of these statutes referred to by plaintiff is the county empowered to file a declaration of taking, make a deposit of

the estimated compensation, and take early possession of the property. We note that the New Jersey Green Acres Land Acquisition Act of 1971, in section 6 (*N. J. S. A.* 13:8A–24), specifically grants the right of early possession to the State upon the filing by the Commissioner of Environmental Protection or his designated representative, in the action by the State to acquire the lands, of a declaration of taking and deposit of the estimated compensation. Section 8 of the same act (*N. J. S. A.* 13:8A–26), however, specifically defines the method of acquisition by a county in the following terms:

Lands approved by the commissioner for acquisition by a local unit with State assistance shall be acquired by and in the name of the local unit and may be acquired in any manner *authorized by law for the acquisition of lands for such purposes by the local unit.* [Emphasis provided]

The statutory construction suggested by plaintiff would render meaningless the phrase "when empowered to do so by law" contained in section 17 (*N. J. S. A.* 20:3–17) of the Eminent Domain Act of 1971. This could not have been the intention of the Legislature. The presumption is against useless legislation. *Alexander v. Cunningham Roofing Co., Inc.,* 124 *N. J. L.* 390, 394 (Sup. Ct. 1940), aff'd 125 *N. J. L.* 277 (E. & A. 1940); *Lanning v. Hudson Cty. Cl. of Common Pleas,* 127 *N. J. L.* 10, 16 (Sup. Ct. 1941), aff'd o.b. 127 *N. J. L.* 604, 605 (E. & A. 1942). "It is a cardinal rule of statutory construction that full effect should be given, if possible, to every word of a statute. We cannot assume that the Legislature used meaningless language." *Gabin v. Skyline Cabana Club,* 54 *N. J.* 550, 555 (1969). See also, 2A *Sutherland, Statutory Construction* (4 ed. *Sands,* 1973), § 46.06 at 63.

Assembly Bill No. 504 as finally adopted with a substantial number of amendments became *chapter* 361 of the *Laws of* 1971, known and cited as the Eminent Domain Act of 1971. As initially passed by the Legislature, section 17

did not include the words "when empowered to do so by law." Inclusion of the phrase in that section was one of the specific amendments recommended by the Governor in his conditional veto of the bill on December 2, 1971. The Legislature amended the bill, incorporating this and other amendments recommended by the Governor, and re-enacted the measure. The amended bill as re-enacted was approved by the Governor December 21, 1971. The process by which the phrase under review became part of the Eminent Domain Act of 1971 discloses a firm legislative intent to limit the taking of early possession by the public entity condemnor only to those specific cases where express legislative authority to do so has been granted. See *e. g., N. J. S. A.* 27:23–5 (j), relating to the New Jersey Turnpike Authority; *N. J. S. A.* 27:12B–7, relating to the New Jersey Highway Authority; *N. J. S. A.* 27:7–22, relating to the Department of Transportation; *N. J. S. A.* 20:3–39, relating to housing authorities or redevelopment agencies; *N. J. S. A.* 20:3–41, relating to lands needed for defense or for airports, and *N. J. S. A.* 13:8A–24, relating to early possession by the State under the New Jersey Green Acres Land Acquisition Act of 1971. And see, *Brown v. Murphy,* 136 *N. J. L.* 183 (1947), wherein the former Court of Errors and Appeals pointed up the need for legislative authority therefor as a prerequisite to the early taking of possession of lands by a condemnor, stating

While *R. S.* 40:8–5 authorizes the city to acquire the lands by purchase or condemnation, it does not empower the city to take the lands in advance of making compensation therefor. Therefore, the taking in this case was unlawful and in this respect differs from such cases as *Haycock v. Jannarone,* 99 *N. J. L.* 183; *Gould v. State Highway Commission,* 112 *N. J. Eq.* 389; *Goodavage v. State Highway Commission,* 96 *N. J. Eq.* 424, and *Miller v. Port of New York Authority,* 18 *N. J. Mis. R.* 601. [at 185]

See also, *Abbott v. Beth Israel Cemetery Ass'n of Woodbridge,* 13 *N. J.* 528, 551 (1953).

Not being "empowered to do so by law," plaintiff may not accelerate the taking of defendants' property in this

condemnation action by the filing of a declaration of taking and proceeding thereon in accordance with *N. J. S. A.* 20: 3-17 *et seq.* The motion to strike the declaration which was filed should have been granted.

The order denying that motion is reversed.